# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 20-1380V

| | |
|---|---|
| SANDRA RUIZ,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: February 23, 2024 |

*Neal Fialkow, Neal Fialkow Esq., Pasadena, CA,* for Petitioner.

*Austin Joel Egan, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 13, 2020, Sandra Ruiz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered left shoulder pain, brachial neuritis, Parsonage-Turner syndrome, and other symptoms and conditions as a result of receiving the flu vaccine on September 22, 2018. Petition, ECF No. 1. On August 1, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 59.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $44,235.90 (representing $43,586.05 in fees plus $649.85 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Oct. 5, 2023, ECF No. 62. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 52.

Respondent reacted to the motion on Oct. 24, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 63. Petitioner did not file a reply thereafter.

## ATTORNEY COSTS

Petitioner requests $649.85 in overall costs. ECF No. 62 at 14. This amount is comprised of obtaining medical records, postage fees and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $145.37[3] in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow such reimbursement reducing the total amount of litigation costs by **$145.37.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$44,090.53 (representing $43,586.05 in fees plus $504.48 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Neal J. Fialkow.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] Examples of the unsubstantiated costs: 6/8/21; 6/21/22. ECF No. 62 at 14.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
